UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATTHEW EWERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRANS UNION, LLC, )<br>EXPERIAN INFORMATION SOLUTIONS, )<br>INC., )<br>)<br>Defendants. ) | No. 1:22-cv-02474-RLY-MJD |

**ORDER ON MOTION TO COMPEL ARBITRATION**

This matter is before the Court on the motion of Defendant Experian Information Solutions, Inc., ("Experian") to compel arbitration. [Dkt. 45.] For the reasons set forth below, the motion is **GRANTED**.

**I. Background**

Plaintiff alleges in his Complaint that he was the victim of fraud, which caused his credit reports to contain outstanding balances on accounts that were not his, including debts owed to BOA and Verizon. He reported the fraud to law enforcement and disputed the validity of the information about the debts with each of the Defendants in this case, which are consumer reporting agencies. Plaintiff alleges that the Defendants' acts (or omissions) in response to his disputes violated the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b) and § 1681i(a).

Plaintiff has at all relevant times been a member of CreditWorks, "a credit monitoring membership with [Experian's] affiliate, ConsumerInfo.com, Inc. ("CIC") (which does business as Experian Consumer Services ("ECS"))." [Dkt. 46.] In order to enroll in CreditWorks, Plaintiff was required to agree to its Terms of Use, which included an Arbitration Agreement. The Arbitration Agreement provided that it applied to ECS and its "affiliates," which include Experian. [Dkt. 46.]

## II. Discussion

Experian now moves to compel arbitration of Plaintiff's claims against it. Plaintiff does not dispute that there is an Arbitration Agreement that applies to the parties and that the Agreement includes the right to have issues of arbitrability decided by an arbitrator, rather than a court.[1] Rather, Plaintiff's sole argument in opposition to Experian's motion is that Experian waived its right to enforce the Arbitration Agreement by participating in this litigation.

Plaintiff acknowledges this Court's recent decision in *Cline*, which granted Experian's motion to arbitrate after finding that the question of waiver is to be decided by an arbitrator given the broad language of the arbitration clause at issue. See *Cline v. Equifax Info. Servs., LLC*, No. 122CV02021TWPMJD, 2023 WL 3872392, at *3 (S.D. Ind. May 30, 2023). However, Plaintiff argues that several courts outside of the Seventh Circuit have found that waiver through litigation conduct or delay is an issue for a court to decide, in disagreement with *Cline*. This argument is meritless. As Experian points out, the First, Fourth, and Eleventh Circuit cases cited by Plaintiff are not in disagreement with *Cline*. See *Marie v. Allied Home Mortgage Corp.*, 402 F.3d 1, 14

---

[1] Plaintiff does not concede that the Arbitration Agreement applies to Plaintiff's claims in this case, and notes that at least one arbitrator has determined that claims under the FCRA are beyond the scope of the Agreement. *See* [Dkt. 48].

(1st Cir. 2005) (court may decide waiver through litigation conduct "where there is 'clear and unmistakable evidence' of such an intent in the arbitration agreement"); *Glass v. Kidder & Peabody & Co.*, 114 F.3d 446, 455 n.62 (4th Cir. 1997) (waiver in contrast to laches and mere delay "may be considered by the district court"); *Morewitz v. W. of Eng. Ship Owners Mt. Pro. & Indem. Ass'n (Lux)*, 62 F.3d 1356, 1365 n.16 (11th Cir. 1995) (stating that some courts refer to 'default' under Section 3 of the FAA to mean the same thing as 'waiver.').

     Here, as in *Cline*, the Arbitration Agreement contains very broad language, providing that "[a]ll issues are for the arbitrator to decide, including the scope and enforceability of this arbitration provision." [Dkt. 46-1.] This language demonstrates the parties' intent to arbitrate even issues of substantive arbitrability that would otherwise be decided by a court. *See*, *e.g.*, *Unite Here Loc. 217 v. Sage Hosp. Res.*, 642 F.3d 255, 262 (1st Cir. 2011) (holding that "[t]he breadth of the arbitration clause" in that case, "which cover[ed] 'any disputes over [the] interpretation or application' of the Agreement," constituted "the clear and unmistakable intent of the parties to arbitrate controversies" regarding substantive arbitrability). Whether Experian delayed too long and therefore participated too much in this litigation before seeking arbitration is an issue of arbitrability. Because the Arbitration Clause is broad enough to encompass the waiver issue raised by Plaintiff in response to the instant motion, that issue must be decided by an arbitrator. None of the cases cited by Plaintiff support a contrary decision.

### III.  Conclusion

     For the reasons set forth above, the Court finds that the issue of whether Experian has waived its right to enforce the Arbitration Agreement by participating in this litigation and delaying the filing of its motion to compel arbitration is an issue to be decided by an arbitrator.

Accordingly, Experian's motion to compel arbitration, [Dkt. 45], is **GRANTED** and this case is **STAYED** as to Experian only, pending the completion of the arbitration proceedings.

Experian shall file a Notice setting forth the status of the arbitration proceedings on or before **November 15, 2023**, and every thirty days thereafter.

SO ORDERED.

Dated:  17 AUG 2023

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.